**Shearn MOODY, Jr., Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 77–1825.**

United States District Court, District of Columbia.

Oct. 13, 1981.

William A. Dobrovir, Washington, D. C., for plaintiff.

Michael J. Kearns, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

### JOHN H. PRATT, District Judge.

On February 28, 1980, in a memorandum opinion, we granted defendant's motion for summary judgment, except as to four (4) documents or parts of documents set forth in an order of the same date. On June 8, 1981, the United States Court of Appeals for the District of Columbia Circuit in *Shearn Moody, Jr. v. Internal Revenue Service*, 654 F.2d 795 (D.C.Cir.1981) remanded for additional consideration of two issues.

1. The segregability of "Tax Return Information" otherwise exempt from disclosure under FOIA pursuant to § 6103 of the Internal Revenue Code, 26 U.S.C. § 6103

In this connection, the court pointed out that the Haskell Amendment of 1976, in amending § 6103, excluded from the definition of "return information" any "data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer," 26 U.S.C. § 6103(b)(2). The court made specific reference to Document 73 and directed that we determine what information, other than name or address or other identifying material "can be meaningfully segregated from otherwise disclosed information contained in Document 73." (at 798).

2. Document 19 and the Work Product Exemption

Specifically, we are directed to determine (a) whether a government attorney violated professional standards applicable to members of the bar, and (b) if so, whether the unprofessional behavior vitiates the attorney work product privilege incorporated in

Exemption 5 of FOIA, 5 U.S.C. § 502(b)(5) (at 801).

*Proceedings in Remand*[1]

Defendant has submitted a number of documents for an additional *in camera* inspection. Besides Document 73, these include thirty (30) other documents withheld in part solely on the basis of § 6103.[2] Defendant has also submitted Document 19 and three (3) other Documents on the issue of the work product privilege.[3] This entire submission aggregates 366 pages.[4]

### A. *Document 73*

Upon further examination of this 17 page document, which is labelled "Final Report and Results of the Southwest Project," we find again that the portions deleted were properly withheld under Exemption 3, which incorporates § 6103, as well as under Exemptions 5 and 7(c). The *Neufeld*[5] case, cited by the Court of Appeals, does not require further disclosure by defendant.

 The thirty (30) additional documents which contain information for which § 6103 was the only ground for withholding, have been also inspected in detail. As stated in the Broder affidavit, attached as Exhibit A to defendant's pending motion for summary judgment, these deletions solely on the basis of § 6103, fell into three groups: (a) deletions only of a taxpayer's identity; (b) deletions of a taxpayer's identity along with descriptive material, which, if released, would create a risk of identifying the taxpayer; and/or (c) deletions of a taxpayer's identity and other information of a trivial nature, which is meaningless when the taxpayer's name is deleted. After this review, we are satisfied that all the deleted information was properly withheld on the basis of § 6103 and that no other information can

1. It is unnecessary to set forth the factual background out of which the present dispute arose. Such has been supplied in our original Memorandum Opinion and the Court of Appeals decision.

2. They are Documents 32, 54, 83, 84, 85, 87, 89, 90, 91, 94, 95, 96, 97, 98, 99, 100, 103, 104, 105, 107, 108, 110, 112, 114, 116, 119, 120, 124, 126 and 133.

3. They are Documents 18, 21 and 004–625.

4. This greatly exceeds the volume of the representative sample originally submitted for our *in camera* inspection.

5. *Neufeld v. IRS*, 646 F.2d 661 (D.C.Cir.1981).

be meaningfully segregated for disclosure. It should be pointed out that the great bulk of the information in these documents has been previously determined to have been properly withheld pursuant to Exemption 7(c).

### B. *Document 19*

█ This Document as well as Documents 004–625, 21 and 18, were also submitted for an *in camera* inspection. They all relate to the propriety of two *ex parte* contacts of Robert L. Liken, Esquire, Assistant Regional Counsel, Internal Revenue Service, with Judge James Noel, United States District Judge for the Southern District of Texas. A brief description of the factual background is appropriate.

The SEC had brought suit against W. L. Moody & Company in Judge Noel's court. The Trustee in receivership of the defendant company was one E. O. Buck. Charles Sapp, Esquire, was attorney for the receiver Buck. On October 31, 1972, the IRS served an administrative summons on Buck to produce books and records of the defendant company.

(1) Document 004–625 dated November 1, 1972—Memorandum for the File. Having subsequently learned of Judge Noel's enjoining any proceedings against the defendant company, except in the receivership action, Liken on November 1, 1972 called on Judge Noel to explain that the IRS had not been aware of the Judge's prior order and to apologize for the service of the administrative summons. Liken also told the judge that he would call Sapp, attorney for the receiver, to see whether the IRS could gain access to the books of the defendant company. Liken so advised Sapp.

(2) Document 21 dated November 7, 1972 —Memorandum for the File. This is a report of Liken's phone conversation of November 3, 1972 with Sapp, in which Sapp stated that he had discussed the IRS request for records with his client Buck, and Judge Noel. As a result of this discussion, Sapp's position is reported as being that "They are of the opinion that we should apply to Judge Noel for access to Moody's records."

(3) Document 19 dated November 15, 1972—Memorandum for the File. Liken reports that on that day he had a second meeting with Judge Noel. This meeting concerned the enforcement of the October 31, 1972 administrative summons and the setting of a date for a hearing at Galveston the following Monday.

(4) Document 18 dated November 15, 1972—Memorandum for the File. The memorandum describes several conversations between Liken and various IRS personnel in preparation for the Monday hearing at Galveston to enforce the administrative summons. It also states that Liken had called Sapp, telling of the conversation with Judge Noel and the possibility of a hearing the following Monday at Galveston, provided approval was obtained from a higher authority.

From this brief description, several facts stand out: (a) Sapp, attorney for the receiver, was completely advised of Liken's contacts with Judge Noel and he himself contacted Judge Noel about the summons; (b) on November 1 and November 15, 1981, when the two contacts with Judge Noel were made by Liken, the IRS was not a party to any court proceeding concerning the defendant company; and (c) the purpose of the two *ex parte* contacts was to apologize for filing and serving the administrative summons without prior leave of court and for scheduling a convenient date on the enforcement of the summons.

From the foregoing, it is clear that Liken's conduct did not offend Disciplinary Rule 7–110, since it did not relate to a pending proceeding nor to the merits of a pending proceeding. His conduct was proper and did not violate or undermine defendant's claim that Document 19 as well as Documents 004–625, 21 and 18 are protected by the work product privilege.

Accordingly, after conducting the *in camera* inspections set forth above, we grant defendant's motion for summary judgment on remand.

An order consistent with the foregoing has been entered this day.