Shearn **MOODY, Jr.,** Plaintiff-Appellant,

v.

**INTERNAL REVENUE SERVICE,**
Defendant-Appellee.

No. 81–2142.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 27, 1982.

Decided June 25, 1982.

---

William A. Dobrovir, with whom Joseph D. Gebhardt, Washington, D. C., was on the brief for plaintiff-appellant.

Robert A. Bernstein, Atty., Dept. of Justice, with whom Glenn L. Archer, Jr., Asst. Atty. Gen., Charles F. C. Ruff, U. S. Atty., Michael L. Paup and Richard W. Perkins, Attys., Dept. of Justice, Washington, D. C., were on the brief for defendant-appellee.

Before EDWARDS and BORK, Circuit Judges and BONSAL,* Senior District Judge.

BONSAL, Senior District Judge:

This is the second time that this request under the Freedom of Information Act ("FOIA") has been before the court.[1] In our prior decision of June 8, 1981, *Moody v. Internal Revenue Service*, 654 F.2d 795 (D.C.Cir.1981) ("*Moody I*"), we affirmed the district court's "admirably comprehensive nineteen page opinion," *id.* at 797, with the exception of two issues which we remanded for additional consideration.

The first of these issues involved Document 73, claimed by the Internal Revenue Service ("IRS") to be exempt from disclosure as "return information" under the FOIA exception for matters "specifically exempted from disclosure by statute." 5 U.S.C. § 552(b)(3). Section 6103 of the Internal Revenue Code specifically exempts from disclosure "any return or return information." 26 U.S.C. § 6103(a). We referred the district court to the so-called "Haskell Amendment" to section 6103 of the Code (part of the Tax Reform Act of 1976) which excludes from the definition of "return information" any "data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." 26 U.S.C. § 6103(b)(2). We suggested that the district court re-examine Document 73 in light of our recent decision in *Neufeld v. Internal Revenue Service*, 646 F.2d 661 (D.C.Cir.1981), which held that "return information from which identifying material could be deleted was disclosable under the FOIA." *Moody I*, 654 F.2d at 797. As stated in *Moody I*, the district court is to use its " 'discretion to determine what information, other than name or address, poses a risk of identifying a taxpayer and how great the risk is.' " *Id.* at 798 (citation omitted).

The second issue remanded was the work product privilege exemption which the district court had given to Document 19. Document 19 is a file memorandum written by Robert L. Liken, Assistant Regional Counsel, Internal Revenue Service, regarding his *ex parte* contacts with the "federal district judge presiding over the receivership of W. L. Moody & Sons, Banker, regarding the enforcement of a summons served on E. O. Buck, the bank's receiver." *Moody I*, 654 F.2d at 799 (citation omitted). We remanded for a determination "whether the actions of the IRS attorney in fact violated professional standards" so as to "vitiate the work product privilege." *Id.* at 800.

## RETURN INFORMATION

■ Upon remand, the district court reviewed Document 73 and 30 other documents *in camera* and stated in its Memorandum filed on October 13, 1981:

* Of the United States District Court for the Southern District of New York, sitting by designation pursuant to 28 U.S.C. § 294(d) (1976).

1. We assume familiarity with the facts and the prior proceedings in this case, which can be found in the district court's unpublished opinion of February 28, 1980 and in *Moody v. Internal Revenue Service*, 654 F.2d 795 (D.C.Cir. 1981).

"After this review, we are satisfied that all the deleted information was properly withheld on the basis of § 6103 and that no other information can be meaningfully segregated for disclosure. It should be pointed out that the great bulk of the information in these documents has been previously determined to have been properly withheld pursuant to Exemption 7(c)."

Appellant contends that the district court erred in deciding the section 6103 segregation issue without requiring the IRS to furnish a *Vaughn* Index. Under *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), the agency claiming exemption for documents under the FOIA furnishes an index as an aid to the court in determining the validity of the claimed exemption. However, the record indicates that a *Vaughn* Index was prepared by the IRS prior to the case reaching the district court and the documents here involved were included. No purpose would be served in requiring the IRS to furnish another *Vaughn* Index. As we noted in *Moody I*, "[t]he risk of indirect identification may be greater in this case ... because a smaller and easier to identify group of people [are] involved ...." 654 F.2d at 798 n.9. Indeed, a more detailed *Vaughn* Index here might compromise the secret nature of potentially exempt information. *Mead Data Central, Inc. v. United States Department of Air Force*, 566 F.2d 242, 261 (D.C.Cir. 1977). We conclude that the district court, 527 F.Supp. 535, fully carried out our recommendations regarding the "return information" and we affirm its disposition.

### WORK PRODUCT PRIVILEGE

■ Upon remand, the district court reviewed, *in camera*, Document 19 and three other IRS documents, also memoranda to the files prepared by Liken, as to which the IRS claimed the attorney work product privilege. Following its review of these documents, the district court concluded that Liken's conduct was not improper and that the documents were protected by the work product privilege. The district court found that Liken's contacts with the federal district judge did not relate to a pending proceeding or to the merits of a pending proceeding and that the work product privilege was not vitiated by Liken's conduct. (See Disciplinary Rule 7–110.)

On February 5, 1982, following the district court's Memorandum of October 13, 1981, we decided *Grolier, Inc. v. Federal Trade Commission*, 671 F.2d 553 (D.C.Cir. 1982). In *Grolier*, we held that the work product privilege is not absolute but extends only to subsequent related cases, stating that "in the context of an FOIA request, attorney work-product from terminated litigation remains exempt from disclosure *only when* litigation related to the terminated action exists or potentially exists." *Id.* at 556 (emphasis in the original).

In view of *Grolier*, we remand again to the district court so that it may apply the test laid down in *Grolier* with respect to Document 19 and any other documents for which the work product privilege is claimed.

If the district court concludes that *Grolier* does not apply, it should nevertheless reconsider whether Liken's conduct may have vitiated the work product privilege. In our view, Liken's unsworn and possibly self-serving memoranda are inadequate to make this determination. The determination of the facts and of whether professional standards may have been violated may require affidavits from Liken and others and perhaps testimony and legal argument to be had *in camera*. However, we do not believe that a full adversary hearing is required since such a hearing might disclose information that is otherwise privileged.

*Affirmed as to the "return information." Remanded for further consideration of the work product privilege in accordance with this opinion.*