H.L. HAYDEN CO. OF NEW YORK, INC., Schein Dental Equipment Corp., Plaintiffs,

v.

SIEMENS MEDICAL SYSTEMS, INC., Healthco, Inc., Patterson Dental Co., Defendants.

No. 84 Civ. 0306 (GLG).

United States District Court, S.D. New York.

Dec. 13, 1985.

Anderson, Russell, Kill & Olick, P.C., New York City (John E. Daniel, of counsel), for plaintiffs.

Kaye, Scholer, Fierman, Hayes & Handler, New York City (Robert B. Bernstein, of counsel), for defendant Siemens Medical Systems, Inc.

Wachtell, Lipton, Rosen & Katz, New York City (Paul E. Levine, of counsel), for defendant Healthco, Inc.

## MEMORANDUM OPINION

SHARON E. GRUBIN, United States Magistrate:

Defendant Healthco, Inc. has applied to the court for an order requiring plaintiffs to produce all tape recordings and other documents constituting communications between plaintiffs and two non-party witnesses or, in the alternative, to submit such materials to the court for *in camera* review with respect to plaintiffs' claims of privilege.

## BACKGROUND

Events leading to this application are apparently as follows.[1] Plaintiffs served deposition subpoenas on Frank McDonald and Benjamin Laughter, former employees of Healthco and co-defendant Patterson Dental Co., respectively. Healthco thereupon served its "Third Request for Production of Documents," which apparently contained only the one following request:

"All documents, including, without limitation, tape recordings and written transcriptions thereof, prepared or created from January 1, 1982 to and including the date of plaintiffs' response hereto, which constitute, refer or relate to any communication between any employee or representative of plaintiffs and any of the following: (i) Frank McDonald, or (ii) Benjamin Laughter."

Plaintiffs' response to the request was, in its entirety, as follows:

"Plaintiffs object, to the extent any responsive material exists, on the basis of attorney client privilege, and attorney work product."

The deposition of Frank McDonald, the former Healthco employee, was taken a week prior to Healthco's instant application. Healthco's counsel states that plaintiffs'

---

1. This factual background is based on the description of events contained in the letter of November 11, 1985 of Healthco's counsel to the court by which the application has been made. Plaintiffs have not disputed the background statements therein. As this letter was received but not read by the court one week before the court's order of November 21, 1985, requiring pre-motion telephone conferences prior to any applications by letter or otherwise, the court will entertain it. The application and the responses thereto, however, nicely illustrate how needed was the "pre-application" conference rule in this case.

principal, Marvin Schein, had initiated several telephone calls to Mr. McDonald. Presumably Healthco's counsel learned of these calls from Mr. McDonald prior to rather than during the deposition, as it was Healthco's counsel who represented Mr. McDonald at the deposition. In any event, Healthco believes that "surreptitious" tape recordings of the telephone conversations may have occurred—a belief based on the fact that Mr. Schein has been found in this litigation to have recorded phone calls to other individuals—and, despite the broader language of the document request, it seems that Healthco is primarily seeking production only of any such tapes as it is only production of tapes for which its letter of November 11 and "reply" letter of November 25 argue. Healthco's argument for production is that "[i]t is inconceivable that any privilege can attach to the surreptitious tape recordings of the statements of a third party, particularly when such recordings were made in contemplation of requiring the testimony of such third party in this case." Healthco cites no authority whatsoever to support this emphatic, conclusory statement.

Plaintiffs' response to Healthco's application consists of an eleven-page letter to the court from plaintiffs' counsel dated November 22, 1985. This response is remarkable in several respects. First, it does not reveal whether any tapes or other materials responsive to the document request exist. The letter states:

"Materials (which may or may not exist) that could be responsive to the Third Request would appear to fall into four general types: (1) tape recordings that may have been made of conversations with Messrs. McDonald or Laughter; (2) transcripts of tapes of such conversations; (3) written communications relating to the aforesaid conversations that were prepared by Mr. Schein; and (4) written communications prepared by counsel relating to the aforesaid conversations."

In a footnote counsel states: "Plaintiffs' response is framed in a hypothetical fashion to ensure that unwarranted disclosure is not made of current privileged or work product materials." The court is thus asked to rule on whether materials are privileged without identification of the materials and without even knowing whether any materials exist. Second, plaintiffs then argue that any tapes which may exist of conversations Mr. Schein had with these third parties and any transcripts of such tapes would be protected from production by the attorney-client privilege. They further argue that any material would be protected by the work product doctrine.

## DISCUSSION

### Violation of Local Civil Rule 46(e)(2)

■ Civil Rule 46(e)(2) of the United States District Courts for the Southern and Eastern Districts of New York, which became effective February 1, 1985, provides that when an objection on a ground of privilege, including the work product doctrine, is made to a document request, the objecting party must set forth certain identifying and descriptive information concerning responsive documents unless such information itself would reveal allegedly privileged information.[2] (Requirements

2. Rule 46(e)(2) provides as follows:

"Where a claim of privilege is asserted in objecting to any interrogatory or document demand, or sub-part thereof, and an answer is not provided on the basis of such assertion,

(i) the attorney asserting the privilege shall in the objection to the interrogatory or document demand, or sub-part thereof, identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked; and

(ii) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

(A) for documents: (1) the type of documents; (2) general subject matter of the documents; (3) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relation-

similar to those of this rule were applicable in this case even before the rule existed.) The reason for the rule is obvious: sufficient preliminary information is generally necessary for opposing counsel and the court to be able to determine whether a privilege objection is well-founded. Such information as the existence of a privileged document, its date, its recipients and the nature of its general subject matter is generally not privileged in itself. In rare circumstances, such identifying information may itself constitute privileged matter, but such is not the case here. Plaintiffs' conclusory objection is unacceptable, and the subsequent failure in their letter to correct the omission compounds the impropriety. Despite plaintiffs' gratuitous footnote quoted above, the court cannot conceive of why disclosure of whether or not tape recordings exist of conversations which all know to have taken place would constitute privileged material or work product. Indeed, the court is being asked to rule on a hypothetical situation, and even the hypothetical does not contain enough information to enable a determination. Thus, whether a tape recording is entitled to the protection of the work product doctrine or whether a written communication relating thereto between Mr. Schein and his counsel is subject to the attorney-client privilege may depend on numerous factors, such as when the recording occurred, whether the conversation was had in anticipation of litigation or for trial, whether the writing was prepared for counsel or whether a waiver was effected by other persons having been shown an otherwise privileged document. The court cannot speculate as to the multitude of possible circumstances surrounding the preparation and dissemination of documents upon which the validity of the claim of privilege could depend. Although I view it as highly unlikely, if plaintiffs' counsel

believed in good faith that providing the preliminary information, including the mere fact of whether tapes or other documents exist, would possibly waive an otherwise valid claim of privilege, he should have so informed the court and offered to make an *in camera* presentation. Ignoring Rule 46(e) and submitting an eleven-page speculative letter, which conclusorily claims that if documents exist they must be privileged, simply wastes the time of the court. Plaintiffs' counsel is hereby sanctioned under Federal Rule of Civil Procedure 37 in the amount of $250.

### Attorney-client privilege

■ Application of the attorney-client privilege involves three essential elements: (a) a confidential communication (b) from a client to his attorney (c) for the purpose of obtaining legal advice. *See Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976); 8 J. Wigmore, Evidence § 2292 (McNaughton rev. 1961); 4 Moore's Federal Practice ¶ 26.60[2] (2d ed. 1984); Wright & Miller, Federal Practice and Procedure: Civil § 2017 (1970). After several rereadings of plaintiffs' letter of November 22, I find it difficult to understand whether plaintiffs are claiming that all of the requested hypothetical documents are protected by the privilege or that only some of them are (and the remainder protected by the work product doctrine).[3] It is quite clear, however, that with respect to any existing tape recordings and transcripts thereof of the conversations Mr. Schein had with the two third parties, plaintiffs are claiming that the attorney-client privilege applies:

"... [A]ny tapes would be protected, confidential attorney-client communications and hence would be entitled to remain free from defendants' review.

ship of the author and addressee to each other;

(B) for oral communications: (1) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2)

the date and place of communication; (3) the general subject matter of the communication."

3. The lack of clarity on this point is no doubt due in part to the fact that, as just discussed, we have no documents identified.

Transcripts of any tapes would, for the same reason, be protected under the attorney-client privilege." (Letter of November 22, 1985 at p. 5.)

Apparently, plaintiffs' reasoning on this contention is the following:

"Had conversations not been recorded, but merely described to counsel by Mr. Schein, such communications clearly would be protected.... There is no reason to treat tapes, were they made, any differently." (*Id.* at p. 4.)

It is my opinion that for counsel to thus argue in this case that the attorney-client privilege protects from disclosure tape recordings of conversations between his client and these third parties warrants sanctions under Federal Rules of Civil Procedure 26(g) and 11. The conversations were neither confidential nor between an attorney and client. The position is *not* warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Accordingly, plaintiffs' counsel is sanctioned in the amount of $500.[4]

*Work Product*

■ Contrary to Healthco's counsel's conclusory and unsupported statement that "[i]t is inconceivable that a privilege can attach" to tape recordings which may exist of the third parties' statements to Mr. Schein, they could very well be protected by the work product doctrine. Assuming

that the statements were obtained and recorded in anticipation of litigation or in preparation for trial,[5] they (and any related documents prepared by Mr. Schein) would be protected under Federal Rule of Civil Procedure 26(b)(3). While production might nevertheless be appropriate if Healthco were able to demonstrate that it had substantial need of the recordings and was unable without undue hardship to obtain their substantial equivalent by other means, *see* Fed.R.Civ.P. 26(b)(3), no such showing has been made, nor, indeed, does it appear it could be made in this case. It has been the rule at least since *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), that one party has no right to discovery of material gathered for the purposes of the litigation through the efforts of another party or its counsel when the first party could obtain the same information through its own efforts. "Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary." *Hickman*, 329 U.S. at 516, 67 S.Ct. at 396. In this case, where Healthco and the third party Mr. McDonald are apparently on friendly terms, Healthco's counsel having represented Mr. McDonald at his deposition, there can be no need for production of any tapes. Healthco's counsel can, and almost certainly already has, learned all about Mr. McDonald's conversations with Mr. Schein from Mr. McDonald.

4. Counsel cites two cases in purported support of his argument. The first, *United States v. Layton*, 90 F.R.D. 520 (N.D.Cal.1981), was a criminal case in which tapes of confidential interviews of a defendant asserting an insanity defense by a psychiatrist retained by the defendant's lawyer to treat the defendant and advise the lawyer were found privileged. Counsel also refers to *O'Brien v. Board of Education*, 86 F.R.D. 548 (S.D.N.Y.1980), where Judge Leval held that a memorandum prepared by an attorney which revealed confidential communications to him by his client was privileged. Both these situations are patently inapposite to the situation here.

5. Plaintiffs have submitted no affidavit or other appropriate representation setting forth the dates and other circumstances of the conversations, except the following statement in counsel's letter:

"To the extent that any records of conversations between plaintiffs or their counsel and Messrs. McDonald or Laughter, including any tapes, exist, they were obtained through diligence and effort on the part of counsel and Mr. Schein acting in furtherance of the litigation."

The entire situation raises a concern in the court's mind which may have to be addressed at a later time: the ethical ramifications of an attorney, who is not himself permitted to record a conversation with a third party without that party's consent, directing his client to do so and the effect of such a circumstance on work product protection. *See* ABA Committee on Ethics and Professional Responsibility, Informal Opinion 1320 (1975) and Formal Opinion 337 (1974); New York State Bar Association Committee on Professional Ethics, Opinion 328 (1974).

This, moreover, leads to a final and, perhaps, most important point: Healthco's instant application appears to have been unnecessary as Healthco almost surely can obtain the tape recordings by having Mr. McDonald request them from plaintiffs.[6] The final paragraph of Fed.R.Civ.P. 26(b)(3) provides, in pertinent part, as follows:

"A party may obtain without the required showing [of substantial need] a statement concerning the action or its subject matter previously made by that party. Upon request, a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is ... a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded."[7]

## CONCLUSION

Healthco's application is denied at this time for the reasons stated. Within one week of the date hereof, plaintiffs shall provide to Healthco the information required by Civil Rule 46(e)(2) of this court. Healthco may thereafter re-apply to the court if deemed necessary, but it shall comply with Civil Rules 3(f) and 3(*l*).

Because the submissions made by *all* counsel on this application were generally ill-advised, it seems inappropriate that Healthco or Siemens should benefit as a result of the award of sanctions against plaintiffs' counsel. Accordingly, the amounts assessed herein as sanctions under Federal Rules of Civil Procedure 37, 26 and 11 shall be deposited by plaintiffs' counsel within 30 days of the date hereof with the Clerk of Court to be distributed to the parties who ultimately prevail in this action.

IT IS SO ORDERED.

---

6. Presumably co-defendant Patterson's counsel is in a position to have Mr. Laughter request any tapes of conversations Mr. Schein had with him. Patterson has not appeared with respect to the instant application.

7. In a short "me-too" letter submitted by counsel for defendant Siemens Medical Systems, Inc., joining in Healthco's application for production of tape recordings, the argument is made that plaintiffs did not assert any claim of privilege as to an earlier request by Siemens for tapes of other telephone conversations Mr. Schein had with Siemens employees, so that (if I follow the argument) plaintiffs' objection is being made here because the instant hypothetical tapes must be helpful to defendants and harmful to plaintiffs. Siemens' argument is faulty if only for the reason that under the first sentence of the quoted section of Rule 26(b)(3) Siemens would have had a right to tapes of its own statements just for the asking.