**CLEVITE CORPORATION, Plaintiff,**
**v.**
**BECKMAN INSTRUMENTS, INC.,**
**Defendant.**
**No. 65–1064.**

United States District Court
S. D. California,
Central Division.
Aug. 10, 1966.

Kendrick, Subkow & Stolzy, Elwood S. Kendrick, John P. Scholl, Los Angeles, Cal., for plaintiff.

Harris, Kiech, Russell & Kern, Ford Harris, Jr., Walton Eugene Tinsley, Los Angeles, Cal., for defendant.

## MEMORANDUM AND ORDER

CONCERNING DEFENDANT'S OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND PLAINTIFF'S OBJECTIONS TO DEFENDANT'S INTERROGATORIES

WHELAN, District Judge.

This is a suit for patent infringement, alleging that plaintiff is the owner of United States Letters Patent Reissue No. 25,692. Jurisdiction is conferred by Title 35, United States Code, Section 281, and Title 28, United States Code, Section 1338(a). Venue is proper under Title 28, United States Code, Section 1400(b). Defendant has denied the charge of infringement and also alleges that it has acquired intervening rights by reason of innocent entry into the manufacture and sale of infringing pressurized ink recorders, and that the Court should grant defendant an equitable license under Title 35, United States Code, Section 252.

Defendant's Objections to Plaintiff's Interrogatories Numbers 33, 35, and 38, and Plaintiff's Objections to Defendant's Interrogatories Numbers 11–17, 68(f), 45, 50, and 57 were heard by this Court on May 27, 1966. The Court makes the following order respecting such objections:

1. Concerning plaintiff's interrogatory number 33, which requests defendant to state whether, when, and in what way it has modified its four accused models of pressurized ink recorders prior to December 1, 1964, the date on which plaintiff was granted the reissue patent in suit, plaintiff is entitled to such information insofar as it is reflected by expenditures which defendant in its pending motion for summary judgment claims establish intervening rights under Title 35, U.S.C. § 252. For the same reason and to the same extent, defendant shall state in response to plaintiff's interrogatory number 35 the structural differences in its models and in response to plaintiff's interrogatory number 38 what literature it has describing any modifications of its ink recorder models made prior to December 1, 1964.

2. Concerning plaintiff's objections to defendant's interrogatories numbers 11–17 and 68(f), plaintiff shall state its contentions concerning where in its patents in suit appear support for and definitions of terms used in describing its claims. With respect to plaintiff's objection to defendant's interrogatory number 45, inquiring the numbers of each model of plaintiff's devices sold annually, and the year and dollar volume of such sales [which information plaintiff admitted is relevant to the claimed commercial success of its inventions which plaintiff intends to put in issue at trial], plaintiff shall provide defendant with such sales data as it will rely upon at trial to establish the commercial success of the patent in suit. Plaintiff has also agreed to answer defendant's interrogatory number 50 requesting plaintiff to list sufficient of its production drawings as will adequately show that plaintiff's devices are covered by its patents in suit.

The problem posed by defendant's interrogatory number 57 is a potentially recurring one. As originally submitted to plaintiff this interrogatory requested:

> Prior to October 7, 1964, did the plaintiff make any searches as to the patentability of the alleged invention of United States Letters Patent Re. 25,692 in suit, or the validity of United States Letters Patent 3,054,109? If so, identify each such search by the name and address of the person making the same, and list all *prior art* dis-

covered as a result of each such search, stating the approximate date upon which each item of *prior art* first became known to plaintiff. [Emphasis added.]

At the hearing before this Court defendant orally amended the last part of its interrogatory [which oral amendment has been reduced to written stipulation] to request instead:

and list all *patents* discovered as a result of such search, stating the approximate date upon which each *patent* first became known to plaintiff. [Emphasis added.]

Defendant further stipulated in open court that plaintiff's response to interrogatory number 57 would in no way be deemed to constitute an admission of the relevancy of the patents listed to either of plaintiff's patents in suit.

Both parties recognized, of course, that neither the attorney-client privilege nor the attorney work-product immunity bar inquiry, such as that in the balance of defendant's interrogatory number 57, directed to peripheral matters. Plaintiff invoked these limitations only insofar as defendant sought to obtain any information resulting from such search.

█ Plaintiff contended that interrogatory number 57, even in its amended form, fell within the ban of both the attorney-client privilege and the attorney work-product immunity. With this contention, the Court did not and cannot concur for the following reasons:

█ At the outset it is to be noted that defendant is not seeking the production of the plaintiff's patent searches, which might raise greater difficulties for the Court, but merely limited factual information derived therefrom. Plain-

tiff has not shown why the attorney-client privilege is applicable in this case to factual information collected by a patent searcher merely because the searcher utilized for this task is also alleged to have been an attorney; a contrary result not infrequently occurs. E. g., Paper Converting Machine Co. v. FMC Corp., 215 F.Supp. 249, 252 (E.D.Wis. 1963); American Cyanamid Co. v. Hercules Powder Co., 211 F.Supp. 85, 88–89 (D.Del.1962). Nor does such fact necessarily imply that attorney work-product is involved. Cf. E. I. Du Pont De Nemours & Co. v. Phillips Petroleum Co., 24 F.R.D. 416, 419–420 (D.Del. 1959); United States v. Certain Parcels of Land, etc., 15 F.R.D. 224, 235 (S.D.Cal.1954). However, were the limited factual type of information which defendant seeks clearly attorney work-product under the circumstances of this case, in the opinion of this Court there exist adequate reasons for requiring its disclosure. In addition to the guiding philosophy of federal discovery that a trial is not a sporting event but a search for truth [Tiedman v. Pigment Corp., 253 F.2d 803, 808 (C.A. 4 1958)], there is a well-recognized public interest to be served in assuring that a patent monopoly does not spring from a background of fraud or other inequitable conduct, Precision Instr. Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 816, 65 S.Ct. 993, 89 L.Ed. 1381 (1945), and that no known and controlling prior art was concealed from the Patent Office at the time the patent issued. Admiral Corp. v. Zenith Radio Corp., 296 F.2d 708, 716 (C.A.10 1961); United States v. Standard Electric Time Co., 155 F.Supp. 949, 952 (D.Mass.1957).

Accordingly, plaintiff will be required to respond to defendant's amended interrogatory number 57.