**Hyde W. BALLARD, Esquire**

v.

**ALLEGHENY AIRLINES, INC.**

**Civ. A. No. 71–2118.**

United States District Court,
E. D. Pennsylvania.

Jan. 6, 1972.

Sheldon S. Toll, Montgomery, Mc-Cracken, Walker & Rhoads, Philadelphia, Pa., for plaintiff.

George J. Miller, Dechert, Price & Rhoads, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

This is an action for slander, false imprisonment, and assault, arising out of an incident on defendant's airplane. Plaintiff alleges that defendant's agents accused him of commission of a crime, pulled him out of his seat, and detained him until the police arrived. Defendant's answer denies all material allegations.

Plaintiff has served 69 interrogatories, of which defendant has objected to 64. The objections fit into five categories, which will be considered separately.

1. *Assuming Conclusion.* Since defendant has denied every allegation which relates to the events alleged to have transpired, it asserts that any interrogatory which seeks details of the events is improper, as any answer relating to the details would constitute an implied admission of the event's existence. Defendant sets forth as an example interrogatory number 9: "Did you have a warrant of arrest with you when you arrested the plaintiff?" If defendant answers simply "yes" or "no," the inference that plaintiff was arrested might be justified. But defendant has

other options. It is possible to phrase an answer so as to provide the details sought without inadvertently admitting anything. Perhaps plaintiff's counsel should have phrased these interrogatories so as to avoid placing the burden on defendant to give precise answers, but that burden is not so significant that defendant should not now respond to the interrogatories. The fact that defendant filed objections indicates that its counsel has recognized the possibility of inadvertent admissions, so the likelihood of error is very low. The cases cited by defendant relate to courtroom interrogation, and are therefore inapposite. Even though a witness denies all inferences that might be drawn from an attorney's question, a jury, after several such questions, may nevertheless draw the inference. This is, of course, not a problem in the case of interrogatories.

2. *Insurance.* Interrogatories 1–7 seek specific information about insurance policies held by defendant. Defendant has responded that it has insurance which is sufficient to cover the damages alleged, but has refused to answer in more detail. Rule 26(b) (1) of the Federal Rules of Civil Procedure requires disclosure of "the existence and contents" of insurance agreements. The language of the rule does not justify limiting discovery to the brief conclusory statement given by defendant.

The information sought in interrogatories 1, 2(a)–(e), 5, 6 and 7 may, at defendant's option, be provided by making available a copy of all relevant insurance policies; otherwise, answers to these interrogatories must be filed. Interrogatory 2(f), seeking the name of the insurance company employee handling this case, goes beyond the scope of permissible discovery, as defined by Rule 26(b) (2), as do interrogatories 3 and 4, relating to the insurers' attitudes toward questions of coverage.

3. *Knowledge of others.* Many of the interrogatories are challenged on the ground that they seek information known by witnesses to the incident. However, several of these questions call for answers which can seemingly be readily obtained by the person answering the interrogatories. If the answers are not available after reasonable inquiries to defendant's employees who have knowledge of the alleged incident, the answer may so state. Only interrogatories 10, 28(d) and 30(c) call for such subjective answers, so peculiarly within the knowledge of individuals, and not chargeable to defendant, that no responsive objective answer could be expected.

4. *Legal opinion.* Defendant has objected to interrogatories 27–30, asking whether anybody observed plaintiff committing a criminal act, on the ground that they call for a legal opinion as to what acts are criminal. Even if this were so, Rule 33(b) would allow the objection to be overruled. But properly construed, the interrogatories do not require the defendant to set forth a legal opinion, but merely to state whether defendant's employees (interrogatories 27 and 28) or other persons (29 and 30) observed plaintiff commit what was thought to be a criminal act.

5. *Work Product.* Interrogatories 56 and 57 ask whether any witnesses gave defendant a statement. Rule 26(b) (1)'s inclusion within the scope of discoverable matter of "the identity and location of persons having knowledge of any discoverable matter" has been held to sanction precisely the type of discovery sought here. *See* 4 Moore's Federal Practice, 26–198 and n. 24, 26–216 and n. 4 (1971).

Interrogatory 68 seeks the identity of all documents relevant to any matter referred to in the interrogatories. No work product objection can be sustained until the contents of the documents are sought. Similarly, interrogatory 69 seeks the names of persons who assisted in preparation of the interrogatories and those having relevant information. A work product objection is

without merit. 4 Moore's, *supra,* 26–198 to 199 and nn. 24, 26. Since no other objection was made, none will be considered.

 Plaintiff has also moved for reimbursement of his expenses in bringing this motion. Fed.R.Civ.P. 37(a) (4) provides that reasonable expenses shall be granted "unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." When a motion is granted in part and denied in part, the court shall apportion the expenses "in a just manner." In this case, the motion was decided largely in plaintiff's favor, but, in many instances, only after reconstruing the interrogatories. Most of defendant's objections were completely unmeritorious, but some were not.

While it is clear that plaintiff's motion should have been unnecessary, and that counsel have been quibbling rather than cooperating, the present record does not provide an adequate basis for apportioning the blame. Neither side has requested a hearing. The motion for expense reimbursement will be denied.