**MANVILLE SALES CORPORATION**

v.

**PARAMOUNT SYSTEMS, INC., et al.**

**Civ. A. No. 86–4157.**

United States District Court,
E.D. Pennsylvania.

Nov. 16, 1987.

Joseph A. McGinley, George J. Lavin, Jr., Assoc., Philadelphia, Pa., Ernie L. Brooks, Thomas Lewry, Brooks & Kushman, Southfield, Mich., for plaintiff.

Manny D. Pokotilow, Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, United States Magistrate.

Presently before this Court is the plaintiff's motion to compel discovery, the defendants' response and plaintiff's reply thereto.

This case involves a patent infringement action in which the plaintiff alleges that the defendant has infringed its United States Patent No. 3,847,333. The defendant has counterclaimed for defamation, product disparagement, interference with business relationships and anti-trust violations, and in its defense, Paramount alleges that the patent is invalid and unenforceable.

At present, two interrogatories remain in dispute.[1] These Interrogatories, Numbers 6 and 50 will now be addressed.

■ Interrogatory No. 6 requests:

Has Paramount ever made a search or requested an opinion to determine the state of the art relevant to, the prior art against, the novelty of, or the validity or scope of any claim of the patent in suit?

(a) If so, for each such search, identify:

(i) The dates on which each such search was made and the persons who made it.

(ii) Each person who directed that each such search be made.

(iii) Each person to whom the results of such search were reported and the dates and manner in which each such search was reported.

(iv) Each patent, published patent application, prior use, sale, prior inventorship or prior public knowledge referred to in any of the said searches or reports thereon.

(v) Each official and unofficial class and subclass of United States and foreign Patent Office files searched.

(vi) Each patent examiner or other person consulted during the course of each such search, the date thereof, the persons involved, and the substance of such consultation.

(vii) All documents and things which relate to, refer to, or involve the request for, conduct of, or report on each such search.

(viii) Each person who presently has a copy of any documents referring or relating to each such search.

(b) For each opinion on the validity or infringement of the patent in suit, identify:

(i) The person who requested the opinion.

(ii) The person providing the opinion.

(iii) Each person to whom the opinion was communicated.

(iv) Every document referring or relating in any way to such opinion.

(v) Each patent or publication or reference in the opinion.

(vi) Each person who presently has a copy of any documents referring or relating to that opinion.

Defendants have objected to this request on the basis of the attorney work product privilege. Defendants further state that they informed counsel for plaintiff that only two searches were made by the defendant, one by an attorney of defendant counsel's office and one by a European representative of defendants' counsel. Defendants have agreed to respond to Request 6(a)(i) to (iii) and to 6(b)(i) to (iii). Defendants consider the remaining parts of the request to be irrelevant and to represent attorney work product. Contrary to defendants' assertion, this Court disagrees.

Plaintiff through its requests seeks only the identification of documents and individuals and does not seek the mental impressions of defendants' attorneys nor does it seek the opinions ascertained from the search. This Court does not find the requested information to be irrelevant and finds defendants' argument of protection by the work product privilege unsupported. Federal Rule of Civil Procedure 26(b)(1) provides, in part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or

---

1. At the time of the filing of its motion to compel, plaintiff sought answers to eleven (11) interrogatories. Defendants have since agreed to provide responses to nine (9) of the requests.

other tangible things and the identity and location of persons having knowledge of any discoverable matter.

The concept of relevance in discovery is wider than at the trial. Additionally, Rule 26

authorizes inquiry as to the existence and location of statements obtained from witnesses, and of memoranda and reports of experts and attorneys. Any objection that such documents are shielded from discovery by privilege or by the work product doctrine must be saved until production of the documents is sought or questions are put regarding the contents of the documents, since prior to identification it is impossible to determine the validity of a claim of privilege.

4 J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice*, ¶ 26.58, at 26–179–180. *See also, Clevite Corporation v. Beckman Instruments, Inc.*, 257 F.Supp. 50 (S.D.Ca.1966), where the Court ordered that an interrogatory did not fall within the ban of attorney-client privilege or attorney work-product immunity requesting whether any searches were made regarding the patentability of an alleged invention of patent in suit or validity of another patent and requesting the identity by name and address of persons making the search and listing all patents discovered as a result of the search. The Court further ruled that the fact that the patent search is made by an attorney does not necessarily imply that attorney work-product is involved. *Id.* at 52. *See also, Ballard v. Allegheny Airlines, Inc.*, 54 F.R.D. 67, 69–70 (E.D.Pa. 1972) (Court ruled that no work product objection could be sustained until the contents of documents are sought); *Harvey v. Eimco Corporation*, 28 F.R.D. 380 (E.D. Pa.1961) (Work product objection overruled where interrogatories did not seek contents, or a resumé or summary of the contents of documents obtained by plaintiff in preparation for trial). Since the interrogatory request at issue herein seeks only the identification of individuals and documents and not the contents of the documents or mental impressions of the attorney, the defendants' objection will be overruled and

defendants shall be ordered to properly and fully respond to the request.

■ Interrogatory No. 50 states:
Identify all customers to whom Paramount has offered to sell or sold the accused apparatus.

Defendants have agreed to provide a partial answer to this request, namely they have agreed to provide information regarding cases where the equipment was sold. Defendants object in providing the identification of customers to whom the accused apparatus was offered for sale. Defendants take the position that this information is irrelevant and further, supplying lists of potential customers to plaintiff will result in plaintiff's harassing the defendants and drive them out of the marketplace.

Because defendants have charged plaintiff with interfering with its potential customers and claim lost sales, this Court finds the requested information to be relevant to the plaintiff's defense of these charges. Clearly, plaintiff must know who the "potential customers" are. *See, Idle Wild Farm v. W.R. Grace & Co., Inc.*, 22 F.R.D. 334 (S.D.N.Y.1958), where Court ruled that plaintiff answer questions regarding its competitors and lost customers along with other requests as they were relevant to the extent of plaintiff's damages resulting from an alleged infringement. Additionally, the facts and circumstances of each case determine the limit and relevance of interrogatories. *Roesberg v. Johns–Mansville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980). In accordance with the above, defendants shall fully and completely answer Interrogatory Request No. 50.

An appropriate Order follows.

### ORDER

NOW, this 17th day of November, 1987, upon consideration of the plaintiff's motion to compel discovery, defendants' response and plaintiff's reply thereto, it is hereby ORDERED that:

1. Plaintiff's motion to compel is Granted.

2. Defendants shall fully and completely answer plaintiff's Interrogatory Re-

quests 6 and 50 within twenty (20) days of receipt of this Memorandum and Order.