**GOLDEN TRADE, S.r.L.,
et al., Plaintiff,**

v.

**JORDACHE, et al., Defendants.**

**No. 90 Civ. 6292 (JMC).**

United States District Court,
S.D. New York.

Aug. 10, 1992.

See also 143 F.R.D. 504 and 143 F.R.D. 512.

Conkle & Olestein, Los Angeles, Cal., George Gottlieb, James Reisman, Gottlieb, Rackman & Reisman, New York City, Steven Gerber, General Counsel and Secretary, Gitano Group, Inc., New York City, Arthur Wineburg, Pennie & Edmonds, Washington, D.C., Richard I. Samuel, Bathgate, Wegener, Dugan, Wouters, Neuman & Wolf, P.C., Newark, N.J., Philip J. Karlin, Los Angeles, Cal., Joseph S. Kaplan, Michelle F. Forte, Ross & Hardies, New York City, Lawrence F. Scinto, Edward F. Vassallo, Fitzpatrick, Cella, Harper & Scinto, New York City, Diane L. Becker, Becker, Schoenfield & Wennergren, Oxnard, Cal., Albert Robin, Robin, Blecker, Daley & Driscoll, New York City, Richard A. Wallen, Harris, Kern, Wallen & Tinsley, Los Angeles, Cal.

## MEMORANDUM AND ORDER

DOLINGER, United States Magistrate Judge:

Defendants moved before the International Trade Commission in a related proceeding in 1991 to compel the plaintiffs in the present case, Golden Trade S.r.L. and Greater Texas Finishing Corporation, to answer an interrogatory seeking the results of a prior-art search conducted on plaintiffs' behalf in October 1990. That motion was never adjudicated by the ITC, and defendants now press it in this court. Plaintiffs object on the ground that the prior-art search constitutes work product protected under Fed.R.Civ.P. 26(b)(3).

Plaintiffs in this action and a related action are claiming that defendants infringed on a patent that protects a process for fading denim garments. Defendants have asserted in response, among other defenses, that the patent is invalid.

In the course of discovery, plaintiffs have apparently produced all prior art submitted to the United States Patent and Trademark Office in support of the patent application, and that production is not at issue here. What is in question is whether they must disclose the fruits of a prior-art search conducted at the request of their attorney in 1990, at a time when his clients

William F. Lee, Jack J. Falvey, Jr., Hale and Door, Boston, Mass., William G. McElwain, Gilbert B. Kaplan, Hale and Dorr, Washington, D.C., Martin F. Evans, Debevoise & Plimpton, New York City, Robert A. Spiegelman, Lori B. Cohen, New York City, John A. Conkle, William C. Conkle,

had already been sued in two federal courts by apparel manufacturers that apparently were seeking declarations of invalidity against the patent. According to the uncontested representations of plaintiffs' counsel, he requested the prior-art search on September 20, 1990, to assist in defending against these two pending suits and apparently to help as well in anticipated litigation which was brought by his clients on October 1, 1990 in this court. (*See* Affidavit of James B. Lampert, Esq., sworn to Aug. 14, 1991, at ¶¶ 3–4.)

ANALYSIS

By interrogatories, defendant Bugle Boy Industries sought an identification of all prior-art searches, and a specification of all prior art identified by plaintiffs concerning the contested patent. (Bugle Boy Interrogatories 7(c), (d) & (h).)[1] In partial response, plaintiffs identified all searches (including who requested the search and who performed it); as for the results of those searches, plaintiffs noted that all prior art disclosed to the Patent and Trademark Office had been made available to defendants, and that all non-disclosed references "are cumulative or less pertinent than those references cited to the Patent and Trademark Office." (*See* Answer 1.(d) of Golden Trade S.r.L. to Interrogatories 7(c)-(d).)[2] Plaintiffs also reported, however, that their attorney had instituted a prior-art search in anticipation of litigation and trial, and they objected to producing further information about that search on the basis of the attorney-client privilege and the work-product rule. (Answers of Greater Texas to Interrogatories 7(a)-(d).)[3]

On the current motion, defendants do not challenge plaintiffs' failure to specify the details of any pre-patent prior-art search beyond those disclosed to the Patent and Trademark Office, but they do seek the identification of the prior art found in the 1990 search. Plaintiffs do not press their original attorney-client privilege claim, but they still argue for work-product protection.

■ Rule 26(b)(3) of the Federal Rules of Civil Procedure defines a qualified immunity from discovery for documents "prepared in anticipation of litigation or for trial" by the party or his attorney or an agent of the party or attorney. Equivalent protection is given for testimony that would reveal the substance of such documents. *See, e.g., Sporck v. Peil,* 759 F.2d 312, 315–18 (3d Cir.), *cert. denied,* 474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985). Even if the information does constitute work-product, the discovering party may nonetheless obtain it if he "establishes a sufficiently acute need for it," *Martin v. Valley National Bank,* 140 F.R.D. 291, 304 (S.D.N.Y.1991), specifically by showing that he "has [a] substantial need of the materials in the preparation of [his] case and that [he] is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3).

In this case, defendants do not attempt to make such a showing of need for the information. Accordingly, the only question is whether it constitutes work-product.

The most significant role of the work-product doctrine is to protect from disclosure "an attorney's mental impressions, opinions or legal theories concerning specific litigation." *Horn & Hardart Co. v. Pillsbury Co.,* 888 F.2d 8, 12 (2d Cir.1989) (quoting *Grumman Aerospace Corp. v. Titanium Metals Corp. of America,* 91 F.R.D. 84, 88 (E.D.N.Y.1981)). This concern for the protection of the attorney's "mental impressions," noted by the Supreme Court in *Hickman v. Taylor,* 329 U.S. 495, 510–11, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947), is reflected in the wording of Rule 26(b)(3), which provides that even if

---

1. The interrogatories are attached as Exhibit A to "Respondents' Motion to Compel Discovery from Complainants," which was originally before the ITC.

2. Golden Trade's answers to the interrogatories are attached to "Respondents' Motion to Compel" as Exhibit C.

3. Greater Texas's answers to the interrogatories are attached to "Respondents' Motion to Compel" as Exhibit B.

disclosure of work-product is permitted on the basis of a showing of need, the court must "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories or an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3). This provision is designed to offer heightened protection to such evidence of the attorney's thought process, while leaving more limited protection for other data that meets the work-product test. *See, e.g., Upjohn Co. v. United States,* 449 U.S. 383, 399–400, 101 S.Ct. 677, 687–688, 66 L.Ed.2d 584 (1981); *In re John Doe Corp.,* 675 F.2d 482, 492 (2d Cir.1982).[4]

As is implicit in the foregoing, documents may come within the scope of the work-product doctrine even if they do not reflect in any meaningful way the analysis of the attorney. Thus, for example, statements by witnesses may be devoid of any indication of the attorney's thoughts, and in that sense may be purely factual material, and yet they are treated as work-product, and thus not discoverable except upon a showing of need, albeit a more diluted showing than may be required for more sensitive work product. *See, e.g., In re John Doe Corp.,* 675 F.2d at 492–93 (noting that documents summarizing statements of employees do not reveal attorney's impressions, and ordering disclosure based on Government's showing of need); *Xerox Corp. v. IBM Corp.,* 64 F.R.D. 367, 381–82 (S.D.N.Y.1974); *Tinder v. McGowan,* 15 Fed.R.Serv.2d 1608, 1610–11 (W.D.Pa.1970); 4 James Wm. Moore *et al., Moore's Federal Practice* ¶ 26.64[3.–1] at 26–362 to 381 & n. 8 (2d ed. 1991).

In this case, defendants note that they now seek only an identification of the items embodied in the prior-art search and do not seek any analysis by the searchers or by the plaintiffs' attorney. Accordingly, they argue, they are seeking only "factual material," and such facts may not be hidden from disclosure under the guise of work-product.

Defendants' argument is unconvincing. The search was made to aid in current and anticipated litigation, and hence its fruits come squarely within the ambit of the work-product doctrine. Although the information sought is, in a sense, factual—it is simply a list of patents or other art that the searcher included in its prior-art report—the work-product rule covers "factual" material. *See, e.g.,* 4 James Wm. Moore, *supra,* ¶ 26.64[3.–1] at 26–362 to 368. The disclosure of this body of information will not disclose the mental processes of the attorney, but it will allow defendants in effect to appropriate the research labors and, to a degree, the analysis of the attorney's agent,[5] and in that respect the request for disclosure trenches not merely upon the literal definition of work product found in Rule 26(b)(3), but also upon one of the policies embodied by the rule, which is to preclude one attorney from "perform[ing] [his] function either without wits or on wits borrowed from the adversary." *Hickman v. Taylor,* 329 U.S. at 516, 67 S.Ct. at 396 (Jackson, J., concurring).

Although it is undoubtedly true, at least in one sense, that the work-product rule "does not apply to the underlying facts relevant to [the] litigation," *Bulk Lift Int'l, Inc. v. Flexcon & Sys., Inc.,* 122 F.R.D. 482, 491, *aff'd,* 122 F.R.D. 493 (W.D.La. 1988), the identity of the patents listed in the researcher's report is not, in itself, an "underlying fact" relevant to the issues in the litigation. Specifically, the fact that certain patents were included in the report supplied to counsel by the searcher in October 1990 has no independent evidentiary significance for the case. Rather, this is information that, we may presume, would be helpful to defendants in their trial preparation because it would aid their search

---

**4.** The policy of protecting the attorney's mental processes had led to an expansion of the work-product doctrine to bar the production or identification of documents even if not prepared in contemplation of litigation, when such production or identification might disclose the attorney's analysis. *See, e.g., In re Grand Jury Subpoenas Dated Oct. 22, 1991 and Nov. 1, 1991,* 959 F.2d 1158, 1166–67 (2d Cir.1992).

**5.** Of necessity, the searcher had to make decisions as to which patents to review and which to include in his report.

for evidence of processes preexisting the challenged patent, but the same can be said for all so-called "factual work product," including, for example, statements made by witnesses interviewed in preparation for trial.

■■■ There is no question that defendants may properly ask plaintiffs to identify all prior art submitted to the Patent Trademark Office—that identification is, of course, directly relevant to the basis of the Patent Office decision to issue the patent—and all other prior art known to the plaintiffs at the time and withheld from the Patent Office, since such information would be plainly relevant to a claim of misconduct in the application process. Moreover, documentation prepared in connection with the *ex parte* patent application process is simply not material prepared "in contemplation of litigation." *See, e.g., Bulk Lift Int'l, Inc. v. Flexcon & Sys., Inc.*, 122 F.R.D. at 491; *Choat v. Rome Indus., Inc.*, 462 F.Supp. 728, 732 (N.D.Ga. 1978). It is also clear—to quote one relevant case cited by defendants—that "[a] party would certainly be entitled to inquire whether and when a patent search was conducted and whether his patent was brought to the attention of the alleged infringer." *EZ Loader Boat Trailers, Inc. v. Shoreline Trader Sales, Inc.*, 207 U.S.P.Q. 1002, 1004, 1979 WL 25041 (N.D.Tex.1979). Finally, defendants may ask plaintiffs to identify any patents or other inventions known to plaintiffs that may embody some or all of the specific techniques of the process covered by the challenged patent, irrespective of whether plaintiffs' knowledge of those patents and inventions was acquired by means of the prior art search commissioned by their attorneys.

In this case, however, defendants do not seek such data, which would be definitionally linked to specific issues in the case.

Rather, they request simply a category of data developed by the efforts of counsel and his agent to assist in their own trial preparation when they are presumably equally able to develop the same information. This they may not do absent an adequate showing of need, as defined by Fed. R.Civ.P. 26(b)(3).

In reaching this conclusion, I note that two cases relied upon by defendants—*Manville Sales Corp. v. Paramount Sys., Inc.*, 118 F.R.D. 420, 422 (E.D.Pa.1987), and *EZ Loader Boat Trailers, Inc. v. Shoreline Trade Sales, Inc.*, 207 U.S.P.Q. at 1004, 1979 WL 25041—hold that identification of the patents covered in a patent search done for litigation is not ordinarily work-product and hence is discoverable without a showing of need. For reasons already noted, I respectfully disagree with that conclusion.[6]

## CONCLUSION

For the reasons stated, the defendants' motion to compel further answers to their interrogatory 7 is denied.

SO ORDERED.

---

6. In *Manville Sales,* the court suggests that this inquiry requires only an identification of documents, 118 F.R.D. at 422, but plainly it involves disclosure of some of the substance of the documents. *Cf. Harvey v. Eimco Corp.,* 28 F.R.D. 380, 380–81 (E.D.Pa.1961). In *EZ Loader,* the court appears to compare production of this information to disclosure of the names of individuals with knowledge of the facts. *EZ Loader*

*Boat Trailers, Inc. v. Shoreline Trader Sales, Inc.,* 2u7 U.S.P.Q. at 1003–04, 1979 WL 25041. The disclosure of such names is undoubtedly required, but a request for a list of all patents "referred to counsel for his analysis" is more akin to an interrogatory asking for the names of all persons contacted in preparation for trial, which is normally not discoverable.