**GOLDEN TRADE, S.r.L. and Greater Texas Finishing Corp., Plaintiffs,**

v.

**LEE APPAREL COMPANY and Blue Bell, Inc., Defendants.**

**No. 90 Civ. 6291 (JMC).**

United States District Court, S.D. New York.

Aug. 10, 1992.

---

See also 143 F.R.D. 504 and 143 F.R.D. 508.

William F. Lee, Jack J. Falvey, Jr., Hale and Door, Boston, Mass., William G. McElwain, Gilbert B. Kaplan, Hale and Dorr, Washington, D.C., Martin F. Evans, Debevoise & Plimpton, New York City, Robert A. Spiegelman, Lori B. Cohen, New York City, John A. Conkle, William C. Conkle, Conkle & Olestein, Los Angeles, Cal., George Gottlieb, James Reisman, Gottlieb, Rackman & Reisman, New York City, Steven Gerber, General Counsel and Secretary, Gitano Group, Inc., New York City, Arthur Wineburg, Pennie & Edmonds, Washington, D.C.

Richard I. Samuel, Bathgate, Wegener, Dugan, Wouters, Neuman & Wolf, P.C., Newark, N.J., Philip J. Karlin, Los Angeles, Cal., Joseph S. Kaplan, Michelle F. Forte, Ross & Hardies, New York City, Lawrence F. Scinto, Edward F. Vassallo, Fitzpatrick, Cella, Harper & Scinto, New York City, Diane L. Becker, Becker, Schoenfield & Wennergren, Oxnard, Cal., Albert Robin, Robin, Blecker, Daley & Driscoll, New York City, Richard A. Wallen, Harris, Kern, Wallen & Tinsley, Los Angeles, Cal.

## MEMORANDUM AND ORDER

DOLINGER, United States Magistrate Judge:

Defendants have moved to compel further responses by plaintiffs to defendants' second set of interrogatories, which were served in December 1991. Specifically, they seek more detailed answers to interrogatories 8–13, 16, 17, and 19. They also seek to compel responses to their Third Set of Interrogatories, which were served on May 1, 1992.

■ Interrogatories 8–13 ask, in substance, that plaintiffs identify, for each claim element in the contested patent, the corresponding support found in the description portion of the patent's specifications and in an Italian priority document filed during the prosecution of the patent. (*See* Defts' Second Set of Interrogs. at pp. 8–12.)[1] Plaintiffs have limited their response to one claim in the patent, which provides that "the garment being tumbled may be 'in a wet or dry condition.'" (*See* Pltffs' Second Supplemental Responses to Defts' Second Set of Interrogs. at p. 4.)[2] Plaintiffs justify this limitation by arguing that the "wet or dry condition" claim is the only one that defendants have challenged in this lawsuit as lacking adequate support in the patent specifications. (*See id.*) Defendants respond by suggesting that even if

1. A copy of this set of interrogatories is attached to the Certification of Daniel A. Devito, Esq., dated June 30, 1992, as Exhibit A.

2. A copy of the supplemental responses are attached to the Certification of David B. Marder, Esq., dated July 21, 1992, as Exhibit C.

they have not yet specifically challenged any of the other claims as lacking in support, they are entitled to an explanation by the patent holder of the support for each of the claims made in the patent. (*See* Defts' Reply Memo. at 5–7.)

Defendants' point is well taken. Such identification of support for claims is a proper subject of inquiry, *see, e.g., Clevite Corp. v. Beckman Instruments, Inc.,* 257 F.Supp. 50, 51 (S.D.Cal.1966), since plaintiffs are suing on the patent, and provision of this information could conceivably provide a basis for defendants to assert a lack of sufficient support for other claims. Accordingly, defendants are to provide a complete set of answers to interrogatories 8–13 within two weeks.

As for interrogatories 16 and 17, they seek specification of the details of plaintiffs' contentions concerning which aspects of defendants' products infringe the patent and in what respect they do so. Upon a review of plaintiffs' Second Supplemental Responses, I find them adequate. If defendants wish additional detail, they may pursue such information by deposition. *See, e.g., AMP Inc. v. Molex Inc.,* 227 U.S.P.Q. 172, 1985 WL 2284 (N.D.Ill.1985) (utilizing depositions "to identify the infringing claims and compare claims allegedly infringed to defendants' products.").

The last disputed interrogatory, number 19, seeks, in substance, an identification of all documents on which plaintiffs rely in establishing the claimed infringements. In their second supplemental responses, plaintiffs provide that information, and no further response is required.

■ Finally, defendants complained in their original motion papers that plaintiffs had not responded to their third set of interrogatories, which sought a supplementation of prior interrogatory answers. Plaintiffs finally did serve a response on July 10, although it is labelled as a second supplement to the responses to defendants' second set of interrogatories. Defendants now complain that this supplement is inadequate because it does not address all of the prior interrogatories.

The parties in this case seem averse to using the telephone to resolve their disputes. This reluctance is inconsistent with the requirement of S.D.N.Y. Civil Rule 3(f), and defendants' failure to comply with that rule alone could justify denial of this aspect of their motion. Nonetheless, in an effort to expedite matters, the court directs plaintiffs' counsel to advise defendants' counsel in writing within seven days as to whether plaintiffs have any new information with which to supplement those interrogatory answers not addressed in plaintiffs' second supplemental responses. If plaintiffs have no additional information, they are, of course, not obliged to supplement. If they have obtained additional information, they shall serve supplemental responses within two weeks.

## CONCLUSION

Defendants' motion to compel further interrogatory answers is granted with respect to interrogatories 8–13 and denied in all other respects except as noted with regard to Defendants' Third Set of Interrogatories. The parties shall bear their own expenses of the motion.

SO ORDERED.