438 S.E.2d 575

STATE of West Virginia ex rel. Maurilio CHAPARRO and Susan Chaparro, Husband and Wife, Petitioners,

v.

Honorable Christopher C. WILKES, Judge of the Circuit Court of Berkeley County; Grove's Furniture Store; Dennis Grove, Individually; and Southland Corporation, Respondents.

No. 21903.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 2, 1993.

Decided Dec. 9, 1993.

Laura Rauch Coltelli, Scott H. Kaminski, Coltelli & Associates, Martinsburg, for petitioners.

William Prentice Young, Christopher K. Robertson, Jackson & Kelly, Martinsburg, for respondents Dennis Grove and Darla Grove.

Susan R. Snowden, Martin & Seibert, L.C., Martinsburg, for respondent Southland Corp.

NEELY, Justice.

The personal injury action underlying this prohibition proceeding was filed by Maurilio and Susan Chaparro on 19 February 1993 in the Circuit Court of Berkeley County. Mr. and Mrs. Chaparro alleged that on 30 December 1992 they were injured when arsonists used gasoline to ignite the building where Mr. and Mrs. Chaparro were visiting friends. Mr. and Mrs. Chaparro claimed that their injuries were proximately caused by the negligence of and a breach of a warranty of habitability by Dennis and Darla Grove, co-owners of the building. Mr. and Mrs. Chaparro further alleged that their injuries were proximately caused by the negligence of the Southland Corporation because Southland permitted the arsonists to purchase the gasoline used to ignite the fire from a 7–11 store.

On 24 May 1993 Mr. and Mrs. Grove served their first discovery requests on Mr.

and Mrs. Chaparro. The requests at issue in this proceeding are:

3. State the name and address of each person, including experts, having any knowledge of or relevant facts related to the fire of 30 December 1993 which is the basis of this suit, the cause thereof, or the damages resulting therefrom. Attach with your answers to these interrogatories a copy of any written, typed, or mechanically recorded statements of any person who has knowledge of the facts of this case.

6. Please state whether or not you have a copy of any statement previously made by you, the defendant, or any other witness concerning the action or its subject matter which is in your possession, custody or control; the name of the person from whom such statement was obtained; by whom such statement was taken; and, the present location of such statement. Please attach to your answers a copy of any such statement.

25. Please state whether or not you have a copy of any statement made or record kept by Maurilio Chaparro or Susan Chaparro regarding any of the matter alleged in the complaint herein, including any diary or journal kept by Mr. or Mrs. Chaparro, which is in your possession, custody or control, or which you can readily obtain. Please attach a copy of any statement, record, diary or journal to your answers to these interrogatories.

In their 28 June 1993 response to these requests, Mr. and Mrs. Chaparro objected to disclosing the existence or copies of any statements, records, diaries or journals of those with knowledge of the facts of the case based upon the protections of the attorney-client privilege and the work product doctrine as set forth under Rule 26(b)(3) of the *West Virginia Rules of Civil Procedure.*

On 5 August 1993, Mr. and Mrs. Grove filed a motion to compel discovery. On 3 September 1993, the circuit court granted the motion, ordering Mr. and Mrs. Chaparro to produce any statement made or record kept by those with knowledge of the facts of

the case. The circuit court further ordered that the Chaparros disclose the identity and location of persons having knowledge of the facts of the case if they objected to producing the statements required by discovery requests numbers 3, 6, and 25.

On 4 October 1993, Mr. and Mrs. Chaparro filed a petition for writ of prohibition to prohibit the circuit court from enforcing its ruling on discovery requests numbers 3, 6, and 25.

## I.

The work product doctrine is contained in Rule 26(b)(3) of the *West Virginia Rules of Civil Procedure.* Its federal counterpart is identical. The rule exempts from discovery documents and tangible things "... prepared in anticipation of litigation or trial by or for another party or by or for that party's representative[.]"

In *In re Markle,* 174 W.Va. 550, 328 S.E.2d 157 (1984), we recognized that the purpose of Rule 26(b)(3), *W.V.R.C.P.* is to narrow the ability to obtain trial preparation material by expanding the coverage of the work product rule to include persons other than a lawyer. Accordingly, we held that the phrase "party's representative" should include, *inter alia,* a party's indemnitor, insurer, consultant, surety, accountant, economist, private investigator, claim agent or surveyor, to wit, anyone working under the direction of the lawyer and in anticipation of litigation. *Id.*

While the work product doctrine creates a form of qualified immunity from discovery, *see, e.g.,* Elizabeth Thomburg, "Rethinking Work Product," 77 Va.L.Rev., 1515, 1519 (1992), it does not label protected material as "privileged" and thus outside the scope of discovery under Rule 26(b)(1), *W.V.R.C.P.* With regard to the level of necessity required to obtain discovery of protected, non-discoverable work product, we recognized in *Markle* that Rule 26(b)(3), *W.V.R.C.P.* distinguishes between factual and opinion work product. Where factual work product is involved,[1] the party demanding

---

1. Factual work product may be defined as the information or materials gathered or assembled by a lawyer in anticipation of litigation not falling under the category of opinion work product. *See* 4 *Moore's Federal Practice* P 26.64 at 26–361, 362 (1980 ed.).

production must show a "substantial need" for the material in the sense that he cannot obtain the same or its equivalent through other means "without undue hardship."[2] Where opinion work product is involved, the showing required to obtain discovery is even stronger because the rule states that "the court shall protect against disclosure of mental impressions, conclusion, opinions or legal theories." *In re Markle,* 174 W.Va. at 556–57, 328 S.E.2d at 163 (1984).

■ The statements at issue in this case are protected from disclosure because the Groves have failed, either by affidavit or by argument of counsel, to proffer any showing that they are in substantial need of the statements or diary or that they cannot take their own statements "without undue hardship." That the Groves are represented by an insurance company with vast investigative resources available to it renders it highly unlikely that such a good-faith proffer could be made.

## II.

■ We also recognized in *Markle,* however, that because the limitation in Rule 26(b)(3), *W.V.R.C.P.* is against obtaining documents and other tangible things used in trial preparation, there is no prohibition against using other discovery methods to identify witnesses and depose them. *In re Markle,* 174 W.Va. at 557, 328 S.E.2d at 163 (1984).

Rule 26(b)(1) of the *West Virginia Rules of Civil Procedure* is identical to its federal counterpart. Pursuant to Rule 26(b)(1), *W.V.R.C.P.,* a party is entitled to discover "the identity and location of persons having knowledge of any discoverable matter." As Professor Moore recognizes in his treatise, "Rule [26(b)(1) ] has … been applied to permit inquiry of the names and addresses of persons from whom the interrogated party has obtained statements or otherwise interviewed in the course of trial preparation." 4 *Moore's Federal Practice* P 26.57[1], at 26–163 (1980 ed.). *See also Ballard v. Allegheny Airlines, Inc.,* 54 F.R.D. 67, 69 (E.D.Pa.1972)

(holding information sought by interrogatories asking "whether any witnesses gave defendant a statement" to be precisely the type of discovery sanctioned by Rule 26(b)(1)'s provision for discovery of "the identity and location of person having knowledge of any discoverable matter"); *Kelleher v. Omark Indus., Inc.,* 20 F.R.Serv.2d 199, 201 (D.Mass. 1975). Professor Moore further recognizes that while Rule 26(b)(1) refers to "persons having knowledge," courts have generally held that "the interrogating party can frame his interrogatories in a fashion to elicit identification of subclassifications of the general class of persons having knowledge," such as by requesting identification of persons from whom the opposing party has obtained statements. 4 *Moore's Federal Practice* P 26.-57[4], at 26–173 (1980 ed.).

■ It is thus clear that under Rule 26(b)(1), *W.V.R.C.P.,* when a party propounds an interrogatory to an opposing party seeking to discover the identity and location of persons having knowledge of any discoverable matter, such information is not work product. In other words, a party to whom an interrogatory asking for names and addresses is propounded cannot avoid an answer on the ground that the names were learned by counsel in the course of an investigation.

■ Accordingly, while statements taken from witnesses during an investigation in anticipation of trial are protected and not to be provided absent the required showing under Rule 26(b)(3), *W.V.R.C.P.,* names and addresses of persons giving them are not. The Groves are entitled to the names and addresses of the expert witnesses who have knowledge of the facts of the case. However, the experts' statements themselves are not discoverable.

Writ granted as moulded.

2. What hardship is "undue" depends on both the alternative means available and the need for continuing protection from discovery. *See Markle,*

174 W.Va. at 557, 328 S.E.2d at 163–64 (1984); C. Wright & A. Miller, *Federal Practice and Procedure,* @ 2024, at 202 (1970).